UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M.D., a minor, et al. | ) | CASE NO.: 5:09CV696 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Advanced Medical Optics, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

On April 2, 2009, this Court ordered that Defendant Advanced Medical Optics, Inc. show cause was the case should not be remanded to the Summit County Court of Common Pleas. Following that order, Plaintiffs have moved to remand the matter and Defendant has responded to the Court's show cause order. In addition, the Court held a telephone conference regarding this matter on April 20, 2009. Based upon the record before the Court, the matter is hereby REMANDED to the Summit County Court of Common Pleas.

**I. Facts**

The state court complaint in this matter was filed on May 15, 2008. Defendant filed its notice of removal on March 27, 2009. In support of removal, Defendant contends that it was unaware that the amount in controversy exceeded $75,000 until it received a demand letter from Plaintiffs. This demand letter was received on March 10,

2009 and demanded $975,000. Defendant, therefore, contends that its notice of removal was timely under 28 U.S.C. § 1446(b). The Court now reviews that contention.

## II. Legal Analysis

28 U.S.C. § 1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Following removal, a defendant has the burden of proving the elements of diversity jurisdiction. *McCraw v. Lyons*, 863 F.Supp. 430, 432 (W.D.Ky. 1994) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979)). Where the plaintiff is not required to state a specific amount of damages in the complaint, as in Ohio, the defendant must prove that it is more likely than not that plaintiff's claims meet the federal amount in controversy requirement. *See Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The ability to make such proof is determined by whether the defendant could have ascertained from "a fair reading of the complaint or other papers filed" that the minimum jurisdictional amount existed. *McCraw*, 863 F.Supp. at 434. Once the plaintiff provides sufficient information from which a reasonable defendant could have

2

determined that a case was removable, the defendant cannot sit idly by but seek to remove within thirty days of receiving that information. *See id*.

In the show cause order, the Court questioned whether Defendant should have known at an earlier date whether the jurisdictional amount had been met. Upon review of the parties' responses and documents, the Court finds that Defendant's notice of removal was untimely.

On October 28, 2008, Plaintiffs filed answers to Defendant's first set of interrogatories. In those responses, Plaintiffs indicated that M.D., the injured minor child, suffered from "chronic ocular health problems" as a result of a "fusarium infection and corneal transplant." Doc. 7-5 at 4. In addition, question 13 of those interrogatories read as follows:

> Identify whether You have recovered from the effects of any injuries that You claim to have received as a result of the Solution and, if so, identify the date of Your recovery.

Doc. 7-5 at 9. Plaintiffs answered that interrogatory as follows:

> No. Risks of future corneal injury, rejection, dehisense and need for future corneal transplant will last for the lifetime of [M.D.]

*Id*. Plaintiffs then responded to question 14 which asked whether any permanent injuries were suffered by stating "As above, the presence of a transplant graft in the eye results in a lifetime of corneal problems including dehisense, rejection, and need for additional transplant." In addition to these answers, Plaintiffs provided a summary of medical expenses that indicated a total expense of $30,401.92.

In its response to this Court's show cause order, Defendant contends that it reasonably believed that the case did not place $75,000 in controversy until it received Plaintiffs' demand letter. In support, Defendant asserts that M.D.'s medical records

3

indicated that she had made a full recovery and that she had not seen a doctor for treatment in nearly a year at the time the discovery request was made.  Defendant, therefore, asserts that with only $30,000 in medical expenses and apparently no future medical expenses, it could not have known that this case placed the jurisdictional amount in controversy.  The Court disagrees.

In support of its response, Defendant relies heavily on *Wood v. Malin Trucking, Inc.*, 937 F.Supp. 614 (E.D.Ky. 1995).  Defendant effectively contends that it would have been required to speculate with respect to damages in order to remove this case sooner.  The Court cannot agree with this contention.

First, the Court discards Defendant's contention that Plaintiffs may not rely upon information that was provided to Defendant prior to filing suit.  In determining the timeliness of a notice of removal, the issue the Court must resolve is when a defendant reasonably knew that the amount in controversy was sufficient to invoke federal jurisdiction.  Defendant's attempt to have this Court refuse to consider its knowledge of certain facts make no logical sense.  The Court is required to examine the defendant's knowledge of the claims at issue to determine when removable should have occurred.  Furthermore, it is apparent that M.D.'s medical records and similar documents were provided prior to suit in the hopes of resolving the matter without filing suit and providing valuable information to the public about a possibly tainted product.  Defendant's position would discourage this type of action and runs counter to public policy.  Accordingly, the Court finds it appropriate to take into consideration all of the facts as they were known to Defendant.

The Court is cognizant of the dilemma faced by defendants utilizing the second paragraph of 28 U.S.C. § 1446(b). A defendant faces "the difficult choice of either removing promptly and risking the plaintiff asserting damages less than the jurisdictional requirement to avoid removal or waiting and using discovery to ascertain the plaintiff's demand, which risk[s] waiving the right to remove." *See Vaughan v. Dillards, Inc.*, Case No. 3:08CV441, 2008 WL 4820772 (W.D.Ky. Oct. 31, 2008).

In *Vaughan*, the Court denied a motion to remand. The facts there differ significantly from those presented herein.

> The Complaint also provided scant information to support its claim for punitive damages. Defendants knew only that Plaintiff suffered "painful bodily injuries." They had no idea of the extent or type of the injuries. Plaintiff had mentioned a possibility of going to an orthopaedic doctor in prior discussions with Defendants. Defendants also knew that Plaintiff had missed work due to the injury.
>
> However, nothing in Defendants' possession before receiving the Answers to Interrogatories indicated the seriousness of any medical condition or the number of days missed or Plaintiff's lost pay.

*Id.* Unlike the defendants in *Vaughan*, Defendant was well aware of the nature and extent of M.D.'s injury at an early stage in this litigation. Defendant was also aware of the medical expenses that M.D. has previously incurred. Accordingly, the Court finds the conclusion in *Vaughan* to be inapplicable.

Defendant's position effectively relies upon its position that it has the right to wholly ignore Plaintiffs' responses to interrogatories. Those responses quite clearly put Defendant on notice that Plaintiffs were making claims of permanent injury. Defendant appears to assert that such a claim is in conflict with the medical records that were provided. The Court disagrees on several levels. First, the mere fact that M.D. recovered from her surgery does not mean that future complications will not occur. Second,

5

nothing in the record indicates that M.D.'s injuries did not result in permanent injury. Defendant cites to nothing to suggest that M.D.'s recovery is complete and without future risk. Rather, Defendant cites to the fact that M.D.'s recovery from surgery has been successful, a concept distinct from whether her injuries are permanent.

Additionally, even accepting Defendant's view that the medical records are in conflict with the answers to interrogatories, those answers clearly placed Defendant on notice that Plaintiffs would be seeking damages for permanent injuries. Defendant, however, declined to remove this matter until more than 4 months after receiving these answers.

Finally, the Court notes that Defendant has entirely ignored the noneconomic damages inherent in the claim plead by Plaintiffs. The primary plaintiff in this matter is M.D., a minor child who was twelve years old at the time she was injured. In her complaint, M.D. alleges that she was injured by a contact lens solution sold by Defendant. M.D. further alleges that as a result of the tainted solution, she developed a fusarium infection that ultimately resulted in a corneal transplant. M.D.'s medical records indicate that she had the infection in her eye for ten days prior to her transplant. Given these facts, the Court finds Defendant's position that it could not reasonably demonstrate that $75,000 was in controversy after receiving these facts to be untenable. A fair reading of the complaint and answers to interrogatories should have placed Defendant on notice that the amount in controversy was well in excess of the jurisdictional threshold.

At the very latest, the time period for removal began upon Defendant's receipt of Plaintiffs' answers to interrogatories in October of 2008. Accordingly, the March of

6

2009 notice of removal was not timely filed. As the time period for removal cannot be extended, the Court must remand this matter to the state court.

### III. Conclusion

This matter is hereby REMANDED to the Summit County Court of Common Pleas.

IT IS SO ORDERED.

Dated: May 11, 2009  /s/ *Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT